UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ARUN RATTAN, )
)
    Plaintiff, )
)
v. ) No. 3:12-CV-262
)
KNOX COUNTY JUVENILE COURT )
and KNOX COUNTY )
)
    Defendants. )

ORDER

**I.    Introduction**

This matter is before the Court on Plaintiff's Motions to Amend the Complaint [Doc. 5.]; [Doc. 6.]; [Doc.8.]; [Doc. 9.], Defendants' Motion to Strike Plaintiff's Amended Complaint [Doc. 16.] and Defendants' Motion to Dismiss [Doc. 10.].

**II.    Jurisdiction**

The Court notes that it has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as the Plaintiff asserts a claim for violations of several constitutional rights and a claim under 42 U.S. C. §1983.

**III.    Statement of the Facts**

The Plaintiff, Arun Rattan, filed a complaint against the Juvenile Court of Knox County and Knox County on May 5, 2012. [Doc. 1.] According to the Amended Complaint, the Plaintiff was denied his substantive and procedural due process rights by members of the judiciary, and the Plaintiff, somewhat confusingly, argues that actions taken by the judiciary violate 42 U.S. C. §1981and seeks relief pursuant to 42 U.S. C. §1983. [Doc. 14. ¶ 1.5.] The Amended Complaint alleges several occurrences that form the basis of the Plaintiff's due process argument. First, it

appears that, during a child custody hearing, the magistrate judge made a ruling that the Plaintiff thought was improper. [Doc. 14. ¶ 2.5.] Second, the Chief Judge, in response to reports that the Plaintiff was hostile, stated that the Plaintiff would no longer receive court appointments but "could only receive offers to perform cases, in Court, directly through him and that he would monitor the Plaintiff." [Doc. 14. ¶ 2.9.] Third, during cross examination of an adverse witness, the magistrate judge, [1] allegedly annoyed by the some of the Plaintiff's zealous cross examination techniques, "stared at [the Plaintiff] directly, as if ready to use the contempt power." [Doc. 14. ¶ 2.11.] The Plaintiff argues that this "stare" was so disconcerting that it caused the Plaintiff "to [stand] in silence, out of fear, for what appeared to be a long while, perhaps for a minute or several…" thereby placing a prior restraint on the Plaintiff's freedom of speech. *Id.* The Plaintiff seeks injunctive relief from the Court and up to $1,000,000 in damages.

IV. **Analysis**

   a. **Motions to Amend**

The Plaintiff has filed several Motions to Amend the initial Complaint and a Proposed Amended Complaint. [Doc. 14.] The Defendants have filed a Motion to Strike Plaintiff's Amended Complaint. [Doc. 16.]

Rule 15 of the Federal Rules of Civil Procedure provides that where, as here, a defendant has already served a responsive pleading to the original complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to grant Plaintiffs' leave to amend their complaint, the Court balances multiple factors, including undue delay in filing, lack of notice to the opposing party, bad faith by the moving party,

---

[1] Throughout the Amended Complaint, the identity of which Defendant allegedly committed each violation is unclear.

repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. *Miller v. Admin. Office of the Courts*, 448 F.3d 887, 898 (6th Cir. 2006); *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458-59 (6th Cir. 2001).

Though the Plaintiff's Motions to Amend are arguably repetitive, the Court will, in this case, give the Plaintiff some latitude in the interests of justice. The Court finds allowing Plaintiffs to amend their complaint will not result in undue delay or prejudice to the Defendants. Accordingly, Plaintiff's Motions to Amend the Complaint, [Doc. 5.]; [Doc. 6.]; [Doc.8.]; [Doc. 9.], are hereby **GRANTED.** Consequently, the Defendant's Motion to Strike Plaintiff's Amended Complaint will be **DENIED.**

### b. Fed. R. Civ. P. 12(b)(6) Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed for failure to state a claim if a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party. *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 903 (6th Cir. 2009). To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim.

Typically, matters outside the pleadings may not be considered in ruling on a Rule 12(b)(6) motion unless the motion is converted to a motion for summary judgment. *Weiner v.*

*Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). However, a court may consider any documents attached to a motion to dismiss to be part of the pleadings if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. *Id.* at 89. In this case, the Court will consider only the Amended Complaint and the Motion to Dismiss without converting this Motion to Dismiss to a motion for summary judgment.

The Defendant's Motion to Dismiss is very brief, but it makes several important points. [Doc. 10.] Chief among those points is that the Plaintiff has failed to allege any actions taken by the Defendants that could be seen, by even the most liberal of constructions, as injurious to the Plaintiff's constitutional rights. As mentioned above, three distinct "violations" can be distilled from the Plaintiff's Amended Complaint. First, that the magistrate judge improperly ruled on a matter involving a permanency plan that upset the Plaintiff; additionally, the Plaintiff takes issue with some apparent confusion that existed between the judge's order during a custody hearing and the Foster Care Review Board's interpretation of that hearing. However, the Plaintiff points out that he has trouble recalling all of the details. [Doc. 14. ¶ 2.8.] The Plaintiff certainly has the right to disagree with, and object, to any adverse judicial ruling; however, the proper method of displaying disagreement, and vindicating one's position, is the appeals process, not a § 1983 action against the sitting judge. The Plaintiff appears to argue that he has a constitutional right to the unequivocal judicial validation of his views on procedure and law, yet no such right exists.

Second, the Plaintiff argues that in response to a complaint filed by a staff worker, Ms. Byce, the Chief Judge informed the Plaintiff that he would no longer receive court appointments but "could only receive offers to perform cases, in Court, directly through him and that he would monitor the Plaintiff." [Doc. 14. ¶ 2.9.] The Plaintiff argues that this policy violates his constitutional rights by placing a "judicial prior restraint on the Plaintiff's expressive activities."

[Doc. 14. ¶ 2.10.] The Plaintiff misunderstands the doctrine of prior restraint. First, there is a distinction between prior restraint and subsequent punishments. See, *Alexander v. United States,* 509 U.S. 544 (U.S. 1993) (stating that "[t]he distinction between prior restraints and subsequent punishments is solidly grounded in this Court's cases"). A "prior restraint" is when one is *restrained,* or, in other words, prevented, from making certain communications before the communications occur. *Id.* The Amended Complaint admits that the Chief Judge would begin supervising the Plaintiff's interactions with future clients, not as an anticipatory restraint on his speech, but as a direct reaction to the Plaintiff allegedly "yelling at a woman." [Doc. 14. ¶ 2.9.] Since the judge decided to limit the Plaintiff's unfettered access to court appointments *as a response to*—and not in anticipation of—questions of professionalism, the judge's action cannot be viewed as a prior restraint but a subsequent action to monitor the Plaintiff's manners. The doctrine of prior restraint is inapplicable in this case.

Finally, the Plaintiff argues that, by staring at the Plaintiff in response to an aggressive cross examination, the judge caused the Plaintiff "to [stand] in silence, out of fear, for what appeared to be a long while, perhaps for a minute or several…" thereby placing a prior restraint on the Plaintiff's freedom of speech.[2] *Id.* The Plaintiff further alleges that the court bailiff approached him and said, "Do you want to leave the courtroom; the last time something like this happened, somebody got kicked out." [Doc. 14. ¶ 2.11.] To make matters worse, the bailiff, after approaching the Plaintiff, also stared. As alluded to above, in order prove a prior restraint, the Plaintiff must allege that the judge instituted a particularly oppressive form of censorship. Since 1931, the Supreme Court has made clear that the doctrine of prior restraint covers matters that "would be but a step to a complete system of censorship." *Near v. Minnesota Ex Rel. Olson,* 283

---

[2] The Disciplinary Counsel of the Board of Judicial Conduct hears complaints pertaining to judicial misconduct in Tennessee courts.

U.S. 697, 721 (U.S. 1931). A judge who admonishes an over-zealous lawyer, in the manner alleged here, is not practicing censorship; she is upholding the integrity of the bar and the decorum of her court. By staring at the Plaintiff, the judge was practicing a relatively minor form of scolding. Judicial scolding of this sort is not intended to prevent the lawyer from speaking; rather, it is intended to temper the *manner* in which the scolded lawyer speaks. The allegations made in the Amended Complaint fall short of a constitutional violation.

## V. Conclusion

The Court finds that the Plaintiff has not stated a claim upon which relief can be granted. He has made allegations of constitutional violations for what appears to be, by his own admission, hostility displayed in court and with various officials. There is simply no basis for this claim to proceed any further.

For the aforementioned reasons, Plaintiff's Motions to Amend the Complaint [Doc. 5.]; [Doc. 6.]; [Doc.8.]; [Doc. 9.] is **GRANTED**; Defendants' Motion to Strike Plaintiff's Amended Complaint [Doc. 16.] is **DENIED**; and, Defendants' Motion to Dismiss [Doc. 10.] is **GRANTED.**

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips

United States District Judge